IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02616-BNB

MARSHALL DYLAN JAMES,

     Applicant,

v.

JOHN L. DAVIS, Warden of the Buena Vista Colorado Correctional Facility,

     Respondent.

---

## ORDER OF DISMISSAL

---

     Applicant, Marshall Dylan James, is a prisoner in the custody of the Colorado Department of Corrections.  Through counsel, Mr. James has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in Jefferson County District Court case number 07CR2494.[1]

     On September 27, 2013, Magistrate Judge Boyd N. Boland ordered Respondent to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondent intends to raise either or both of those defenses in this action.  On October 21, 2013, Respondent filed a Pre-Answer Response (ECF No. 14).  Mr. James has not filed a reply to the Pre-Answer Response despite being given an opportunity to do so.  For the reasons stated below, the Court

---

[1]Mr. James states in the Application that he was convicted in Jefferson County District Court case number 07CR2474 (*see* ECF No. 1 at 1), but that reference appears to be a typographical error because the state court case number specified in other documents in the record before the Court is 07CR2494. (*See, e.g.*, ECF No. 1-1 & ECF No. 14-4.)

will dismiss the action as untimely.

The relevant background for Mr. James' convictions was described by the

Colorado Court of Appeals as follows:

> Defendant was arrested following allegations that he
> and two other men kidnapped and robbed another man.
> Pursuant to a written plea agreement, he pleaded guilty to
> aggravated robbery, first degree kidnapping, and crime of
> violence in exchange for the dismissal of various other
> charges.
>
> The factual basis for the plea established that
> defendant and two other men encountered the victim walking
> alone on the street, threatened him with a knife, and
> demanded his possessions.  When the men discovered the
> victim did not have enough money on him to satisfy their
> demands, they forced him to take them to his apartment.
> One of the men slashed the victim's arm as he opened the
> apartment door, and took him to a bathroom.  Defendant
> then "instruct[ed] the individual who was holding the victim at
> knife point not to let him go," while he and another man took
> things of value.

*People v. James*, No. 09CA1542, slip op. at 1-2 (Colo. App. Jan. 19, 2012)

(unpublished) (ECF No. 14-4 at 3-4).  Mr. James originally was sentenced to a total

term of thirty-eight years in prison on February 15, 2008.  (*See* ECF No. 14-1 at 4.)  He

did not file a direct appeal.

On June 11, 2008, Mr. James filed in the trial court a motion seeking

reconsideration of his sentence.  (*See id.*)  That motion was granted and on September

26, 2008, Mr. James was resentenced to a total term of twenty-eight years in prison.

(*See id.*)  He did not appeal.

On January 20, 2009, Mr. James filed in the trial court a postconviction motion

pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  (*See id.* at 3.)  The

trial court denied that motion without a hearing on June 3, 2009.  (*See id.*)  Mr. James

appealed from the denial of the Rule 35(c) motion, and the trial court's order was

affirmed.  (*See* ECF No. 14-4.)  On August 27, 2012, the Colorado Supreme Court

denied Mr. James' petition for writ of certiorari in the state court postconviction

proceedings.  (*See* ECF No. 14-2.)

Mr. James filed the instant habeas corpus application on September 24, 2013,

claiming that counsel was ineffective.  He specifically contends that counsel's "failure to

review the discovery with the Applicant, investigate the case, prepare the case, to

advise the Applicant of his defenses, and file or consider a valid motion to suppress

identification, constitutes ineffective assistance of counsel."  (ECF No. 1 at 3.)

Respondents first argue that this action is untimely because it is barred by the

one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court.  The limitation period shall
> run from the latest of–
>
> > (A)  the date on which the judgment became
> > final by the conclusion of direct review or the
> > expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing
> > an application created by State action in
> > violation of the Constitution or laws of the
> > United States is removed, if the applicant was
> > prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right
> > asserted was initially recognized by the
> > Supreme Court, if the right has been newly
> > recognized by the Supreme Court and made
> > retroactively applicable to cases on collateral
> > review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. James' conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A). Respondents assert that Mr. James' conviction became final and the one-year limitation period began to run when the time expired to file a direct appeal following his sentencing on February 15, 2008.

Pursuant to the version of Rule 4(b) of the Colorado Appellate Rules applicable at the time Mr. James was sentenced on February 15, 2008, he had forty-five days to file a notice of appeal following the sentencing.  Because Mr. James did not file a notice of appeal, Respondents are correct that the judgment of conviction became final on March 31, 2008, when the time to file a direct appeal expired.  Mr. James does not argue that his conviction became final on some other date.

The Court also finds that the one-year limitation period began to run on March 31, 2008, because Mr. James does not contend that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the

factual predicate for his ineffective assistance of counsel claims before his conviction

became final.  *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

Mr. James did not initiate this action within one year after March 31, 2008.

Therefore, the next question the Court must answer is whether the one-year limitation

period was tolled for any amount of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a

properly filed state court postconviction motion tolls the one-year limitation period while

the motion is pending.  An application for postconviction review is properly filed within

the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with

the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of
> any required filing fees; (3) the obtaining of any necessary
> judicial authorizations that are conditions precedent to filing,
> such as satisfying any filing preconditions that may have
> been imposed on an abusive filer; and (4) other conditions
> precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the

purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into

relevant state procedural laws."  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir.

2000).  The term "pending" includes "all of the time during which a state prisoner is

attempting, through proper use of state court procedures, to exhaust state court

remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*,

167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner

actually appeals a denial of a post-conviction application, the limitations period is tolled

during the period in which the petitioner *could have* sought an appeal under state law."
*Gibson*, 232 F.3d at 804.

Respondents concede that the one-year limitation period was tolled while the
motion for sentence reconsideration Mr. James filed on June 11, 2008, was pending.
As noted above, that motion was granted on September 26, 2008, and there was no
appeal.  Therefore, the motion for sentence reconsideration tolled the one-year
limitation period from June 11, 2008, until November 10, 2008, when the time expired to
file an appeal following the trial court's September 26, 2008 order.  However, the
seventy-one days between March 31, 2008, and June 11, 2008, count against the one-
year limitation period.

Respondents also concede that the one-year limitation period was tolled while
the state court proceedings relevant to the postconviction Rule 35(c) motion Mr. James
filed on January 20, 2009, were pending.  However, the seventy days between
November 10, 2008, and January 20, 2009, also count against the one-year limitation
period.  As noted above, the state court proceedings relevant to the Rule 35(c) motion
concluded on August 27, 2012, when the Colorado Supreme Court denied Mr. James'
petition for writ of certiorari in the state court postconviction proceedings.  (*See* ECF No.
14-2.)  At that time, a total of 141 days of untolled time (70 + 71 = 141) counted against
the one-year limitation period and only 224 days (365 - 141 = 224) remained to run.

Mr. James does not identify and the record before the Court does not reveal the
existence of any other postconviction motions that may have tolled the one-year
limitation period pursuant to § 2244(d).  Therefore, the one-year limitation period began
to run again on August 28, 2012, and expired 224 days later on April 8, 2013.  As a

result, the instant action is time-barred unless some other reason for tolling the one-year

limitation period exists.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled

for equitable reasons.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Generally,

equitable tolling is appropriate if the petitioner shows both "that he has been pursuing

his rights diligently" and "that some extraordinary circumstance stood in his way" and

prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418

(2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable

neglect is not sufficient to justify equitable tolling.  *See Gibson*, 232 F.3d at 808.

Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner

must "allege with specificity 'the steps he took to diligently pursue his federal claims.'"

*Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. James fails to demonstrate or even argue that the one-year limitation period

should be tolled for equitable reasons and the Court finds no basis for equitable tolling

in this action.  As a result, the Court finds that this action is barred by the one-year

limitation period and the action will be dismissed for that reason.  The Court will not

address Respondents' alternative exhaustion and procedural bar arguments.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369

U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

7

P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 23rd  day of    December         , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court